# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL NO. 4:12CR89 RAS/DDB |
| | § | |
| SHAUNATHAN WAYNE MCMAHON | § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Pending before the Court is the request for revocation of Defendant's supervised release. After the District Court referred the matter to this Court for a report and recommendation, the Court conducted a hearing on September 10, 2015 to determine whether Defendant violated his supervised release. Defendant was represented by Denise Benson. The Government was represented by Heather Rattan.

On March 17, 2008, Defendant was sentenced by the Honorable Terry R. Means, United States District Judge, to a sentence of 37 months imprisonment followed by a 3-year term of supervised release for the offense of Felon in Possession of a Firearm. Defendant began his term of supervision on July 15, 2011. On April 19, 2012, this case was transferred to the Honorable Richard A. Schell.

On July 27, 2015, the U.S. Probation Officer filed a Petition for Warrant or Summons for Offender under Supervision (the "Petition") (Dkt. 6). The Petition asserts that Defendant violated the following conditions of supervision: (1) Defendant shall not commit another federal, state, or local crime; (2) Defendant shall refrain from unlawful use of a controlled substance; (3) Defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such

1

substances, except as prescribed by a physician; (4) Defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer; (5) Defendant shall pay a special assessment in the amount of $100; and (6) Defendant shall participate in a program (inpatient and/or outpatient) approved by the U.S. Probation Office for treatment of narcotic or drug or alcohol dependency that will include testing for the detection of substance use, abstaining from the use of alcohol and all other intoxicants during and after completion of treatment, contributing to the cost of services rendered (co-payment) at the rate of $25.00 per month.

The Petition alleges that Defendant committed the following violations: (1) On September 29, 2014, in Tarrant County, Texas, under cause number 1266797D, Defendant was convicted of Burglary of a Habitation. Defendant was sentenced to 10 years imprisonment at the Institutional Division of the Texas Department of Criminal Justice; (2) On September 9, 2011, Defendant submitted a urine specimen that tested positive for amphetamine and marijuana; (3) On January 11, 2012, Defendant accompanied Brien Thomas Jakubec who was charged with Aggravated Assault Date/Family/House with Weapon and possession of a firearm during the commission of this offense on this date. Additionally, Mr. Jakubec has nine prior felony convictions. Defendant was not granted permission by the probation officer to associate with Mr. Jakubec; (4) Defendant failed to pay his special assessment as ordered and a balance of $100 remains; and (5) On July 18, 2011, Defendant was enrolled in the random drug testing program and referred to McCary Counseling Center in Denton, TX, for substance abuse testing. On January 6, 2012, Defendant reported to said facility to submit a random urine specimen. Upon arriving at the testing site and following urine specimen protocols, Defendant initially said he could not produce a urine specimen, and then

frantically proceeded to give the impression of urinating in the test cup. At this point, the treatment provider noticed a rubber band had fallen to the floor in front of Defendant. Defendant then dropped a balloon-like contraption in the commode and flushed it quickly. Upon being confronted by the treatment provider, Defendant initially denied attempting to manipulate the drug test procedure. Defendant subsequently acknowledged the urine in the test cup was not his urine, and admitted his urine would be positive for methamphetamine and numerous other substances.

At the hearing, Defendant entered a plea of true to allegation one. Defendant waived his right to allocute before the district judge and his right to object to the report and recommendation of this Court. The Court finds that Defendant has violated the terms of his supervised release.

## **RECOMMENDATION**

Pursuant to the Sentencing Reform Act of 1984 and having considered the arguments presented at the September 10, 2015 hearing, the Court recommends that Defendant be committed to the custody of the Bureau of Prisons to be imprisoned for a term of eighteen (18) months to run consecutively to any other sentence being served and six (6) months to run concurrently with any other sentence being served, with no supervised release to follow. The Court further recommends that Defendant's term of imprisonment be carried out in FCI Fort Worth, if appropriate.

**SIGNED this 2nd day of October, 2015.**


_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE